**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GALE ROOKARD, | DOCKET NUMBER |
| Appellant, | AT-0752-14-0602-I-1 |
| v. | |
| SOCIAL SECURITY | DATE: February 6, 2015 |
| ADMINISTRATION, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Pam Posey, Helena, Alabama, for the appellant.

Avni D. Gandhi and Kristen Glover, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which sustained her 20-day suspension.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant is a teleservice representative in an agency teleservice center. Initial Appeal File (IAF), Tab 5 at 133. The agency suspended her for 20 days based upon three specifications of "failure to observe the requirements of courtesy and consideration in performing your Teleservice Representative Duties." *Id*. at 133-40. The appellant filed an equal employment opportunity (EEO) complaint alleging that she was suspended in reprisal for her prior EEO activity and that she was subjected to harassment. *Id*. at 65-66. The agency issued a final agency decision finding no discrimination. *Id*. at 37-52. The appellant then filed a timely Board appeal of the suspension in which she generally disagreed with the suspension and continued to argue that the agency suspended her as part of management harassment and retaliation for prior EEO activity. IAF, Tab 1. After holding a hearing, the administrative judge sustained the 20-day suspension. IAF, Tab 41, Initial Decision (ID).

¶3        The appellant has petitioned for review.[2]  Petition for Review (PFR) File, Tab 1.  She argues that the administrative judge's decision is based on hearsay and that the signatures on complaints and reports concerning her service were fraudulent.  *Id*.  She also challenges the testimony of witnesses, stating that they were coached, could not remember details of the calls with her, and were not telling the truth.  *Id*.  Finally, she states that she was just doing her job and attempting to protect personally identifiable information (PII).  *Id*.  The agency has filed a response to the appellant's petition.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        In order to withstand a challenge to an adverse action, the agency must: (1) prove by a preponderance of the evidence that the charged conduct occurred; (2) establish a nexus between the conduct and the efficiency of the service; and (3) demonstrate that the penalty imposed is reasonable.  5 U.S.C. §§ 7513(a), 7701(c)(1)(B); *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 11 (2010).  On review, the appellant does not challenge the administrative judge's finding that the agency established nexus or that the penalty is reasonable.  *See* ID at 9.  We see no reason to disturb these findings and therefore only address the appellant's arguments regarding whether the agency proved the charge by a preponderance of the evidence.[3]

¶5        First, we find that the appellant's argument that the initial decision is based on hearsay does not provide a basis for disturbing the initial decision.  This

---

[2] Although the appellant submits evidence with her petition, PFR File, Tab 2, it is duplicative of evidence already contained in the record.  The agency also submits copies of transcripts that are already part of the record.  PFR File, Tabs 5-7.  We therefore do not reconsider this evidence as it is not new and material.  *See* 5 C.F.R. § 1201.115(d).

[3] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.56(c)(2).

argument appears to be based on the fact that two individuals whose social security accounts were the subject of calls answered by the appellant, did not testify. PFR File, Tab 1. In response, the agency states that the appellant's argument concerning hearsay is based on her mistaken belief that she was charged with discourteous service only to social security recipients and/or applicants. The agency argues that because the appellant was charged with discourteous service to callers, a term that includes those who are assisting recipients and/or applicants, and the witnesses who testified were properly testifying about the service they received from the appellant. PFR File, Tab 4 at 16-17; *see* IAF, Tab 5 at 155-62. The agency further argues that other statements that were repeated by the witnesses are not hearsay because they were presented to demonstrate how the appellant reacted to the callers and not for their truth. PFR File, Tab 4 at 18.

¶6        Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Taylor v. U.S. Postal Service*, 75 M.S.P.R. 322, 325 (1997) (citing Fed. R. Evid. 801(c)). In this case, we agree with the agency that many of the statements that the appellant challenges are not hearsay because the witnesses testified concerning their observations and reactions to the service they received from her, which was part of the charge against the appellant. Hearing Transcript (HT), Day 2 at 8-9, 16-17, 23-28, 51-53, 63-65. Additionally, we agree with the agency that witness testimony concerning statements made by the appellant or the reactions of the individuals who did not testify is not hearsay because it was not offered for the truth of those statements but was instead offered to show the appellant's demeanor and responses on the calls. *Id.*

¶7        We note, however, that, even if the agency had presented hearsay evidence, the Board has long held that hearsay is admissible in Board proceedings. *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83 (1981). Additionally, hearsay evidence is entitled to more probative weight based upon certain factors present in this case such as the fact that the declarants were disinterested parties,

the consistency of the testimony with written statements, and the credibility of the declarants. *Id*. at 87. Accordingly, we find that the appellant's challenge concerning hearsay evidence provides no basis to disturb the initial decision.

¶8    Next, we find that, contrary to the appellant's arguments, the administrative judge properly found that witnesses were truthful and recalled in sufficient detail the phone calls with the appellant. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge considered the "carriage, manner, and appearance" of the witnesses and found their testimony to be "entirely credible" that the appellant engaged in the charged conduct. ID at 6. The administrative judge considered that the witnesses' testimony was less detailed than their written complaints or notes of interview from shortly after the incidents. ID at 6. However, noting that the hearing took place more than 2 years after the incidents, the administrative judge found that the details that the witnesses remembered were sufficient to find that their testimony was credible. ID at 6-7. There is no reason to disturb this finding because we find that the administrative judge properly resolved the credibility issues. *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (setting forth the factors to be applied by administrative judges when making credibility determinations).

¶9    Additionally, the appellant's argument that she was simply performing her job and protecting PII does not provide a reason to disturb the administrative judge's decision. The appellant's argument is contradicted by the testimony of the proposing official that it is permissible to speak to callers on speaker phone after providing certain warnings and that an employee is permitted to speak to a third party if the number holder gives permission. HT, Day 1 at 31-32.

Additionally, the deciding official testified that it would never be appropriate to use a rude or hostile voice with a caller, refuse to answer a caller's question, talk over a caller, or refuse to transfer a caller. HT, Day 1 at 83. Finally, the administrative judge found, concerning one of the calls that, even if the call had involved a possible violation of agency policy, this would not have been an excuse for the appellant's treatment of the callers. ID at 7. We agree and find unpersuasive the appellant's argument that she was merely attempting to protect PII.

¶10 Likewise, the appellant's arguments, that the signatures on complaints against her were forged and that witnesses were coached, do not provide a basis for disturbing the initial decision. The testimony of both financial planners contradicts her argument concerning fraudulent signatures. HT, Day 2 at 44, 58-59. There is no evidence that these or other complaints involved fraudulent signatures. There also is no evidence that the witnesses were coached prior to the hearing. We find that these arguments constitute mere disagreement with the administrative judge's findings and, as such, provide no basis to disturb the initial decision. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987). Accordingly, we find that the administrative judge properly sustained the charge. *See Guzman Muelling v. Social Security Administration*, 90 M.S.P.R. 131, ¶¶ 2-7 (2001) (upholding the administrative judge's finding that the agency proved all of its charges against the appellant, a service representative, including exhibiting discourteous and disruptive conduct, providing poor public service, and failing to follow established work procedures), *vacated in part on other grounds*, 91 M.S.P.R. 601 (2002).

¶11 Finally, the appellant does not challenge the administrative judge's finding that she failed to establish EEO reprisal. We see no reason to disturb this finding.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order

before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.